AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>  v. | **ORDER OF DETENTION PENDING TRIAL** |
| Nicholas William Hardcastle<br>       Defendant | Case Number: 06-30201 |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

☒ 1) I find that:
   ☒ here is probable cause to believe that the defendant has committed an offense
   ☒ or which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1);
   ☐ under 18 U.S.C. § 924(c).

☒ 2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

☐ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

(a) nature of the offense–**Smuggling ECSTACY across an international border.  No guns.  Def met with a woman (charged in separate complaint, age 21 and four months pregnant) and inserted condoms with 1660 pills of ECSTASY in her vagina.  Took place at Days Inn Hotel in Windsor.  He then instructed her to come across the US/Canadian border on the tunnel bus.  She was to be paid $500, but she was arrested and agreed to cooperate.  She made recorded phone calls to def's cell phone and told him that she had a $500 bond (allegedly on fraudulent checks) and she needed to be bonded out.  He came to the Trenton Police Dept to bail her out and brought $500 in US currency with him, presenting it to the Police Dept. along with his ID.  He was arrested for the smuggling activity and identified by the woman.**

(b) weight of the evidence–**Evidence is strong.  Direct testimony of woman and actions of def consistent with his involvement.  Computer records indicate several border crossings also identified involving def and small amounts of drugs on previous occasions, but none resulted in any charges.**

(c) history and characteristics of the defendant
 1) physical and mental condition–**Def is 26 years old, working as an auto parts assembler in Canada.  No history of physical or mental health issues.  Admits use of marijuana.**
 2) employment, financial, family ties–**Citizen of Canada, ties to the United States are his mother's boyfriend (like a stepfather) only.  Employment is stable and regular.  Good family ties to Canada.**
 3) criminal history and record of appearance–**No criminal history**
(d) probation, parole or bond at time of the alleged offense–**Not on probation or parole.**
(e) danger to another person or community–**Unclear on this record.   Not to a standard of clear and convincing evidence.**

 **Def has no sufficient ties to the U.S. to reasonably assure his appearance.  Is not a U.S citizen; value of pills is per agent $35/pill for total of $58,000.  Def role appears to be that of manager or director of the smuggling operation;  manner of transport evidences disregard of personal safety and respect of another individual.  Not rebutted the presumption of detention.**

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |  |
|---|---|---|
| | | s/Virginia M. Morgan |
| *Date* | April 19, 2006 | *Signature of Judge* |
| | | Virginia M. Morgan, United States Magistrate Judge |
| | | *Name and Title of Judge* |